# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT L. PIERCE a/k/a<br>ROBERT LOUIS PIERCE, Individually,<br>and as Personal Representative of the<br>Estate of DOROTHY A. PIERCE,<br>ROBERT L. PIERCE, III, CURTIS A.<br>PIERCE and ANNETTE L. PIERCE, | )<br>)<br>)<br>)<br>)<br>) | |
| | ) | |
| Plaintiffs | ) | C.A. No. N16C-07-077 FWW |
| | ) | |
| v. | )<br>) | |
| | ) | |
| QUASHIA C. WILLIAMS, PATRICK<br>W. ROBY, LEHANE'S BUS<br>SERVICE, INC., a Delaware<br>Corporation, JAN A. AGOSTO-OJEDA,<br>DAMARY TODMAN, and LIBERTY<br>MUTUAL INSURANCE COMPANY, | )<br>)<br>)<br>)<br>)<br>) | |
| | ) | |
| Defendants. | ) | |

Submitted: April 27, 2018
Decided: July 31, 2018

Upon Defendant Damary Todman's Motion to Dismiss
**DENIED.**

## ORDER

Gary S. Nitsche, Esquire, and Katherine L. Hemming, Esquire, Weik, Nitsche, & Dougherty, LLC, 305 N. Union Street, Second Floor, P.O. Box 2324, Wilmington, DE 19899; Attorneys for Plaintiffs.

Michael K. DeSantis, Esquire, The Law Office of Dawn L. Becker, 919 Market Street, Suite 550, Wilmington, Delaware 19801; Attorney for Defendant Damary Todman.

**WHARTON, J.**

This 31st day of July, 2018, upon consideration of Defendant Damary Todman's Motion to Dismiss and Plaintiffs' response in opposition, it appears to the Court that:

1.    On October 2, 2015, Dorothy A. Pierce ("Pierce") died as the result of a six vehicle accident in Wilmington, Delaware.[1]

2.    On July 12, 2016, Plaintiffs filed their Complaint against five defendants.[2] On September 15, 2016, Plaintiffs filed their First Amended Complaint ("FAC"), removing one defendant and adding Jan A. Agosto-Ojeda ("Agosto") as an additional defendant.[3] The FAC named all vehicle operators identified on the Police Uniform Collision Report ("police report") as defendants.[4] However, for one vehicle, a "disabled vehicle," the police report did not contain any identifying information because it was removed from the scene prior to the State Police making contact with the operator.[5]

3.    Plaintiffs deposed Agosto on August 23, 2017.[6] It was at that deposition that Plaintiffs first learned that Agosto's mother, Damary Todman

---

[1] Pls.' Resp. to the Mot. to Dismiss, D.I. 102 at ¶ 1.
[2] *Id.* at ¶ 2.
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.* at ¶ 4.

2

("Todman"), owned the "disabled vehicle" referenced in the police report.[7]

4. On December 14, 2017, a letter was sent via certified mail to Todman advising her that she was being added as a defendant in this matter and enclosing a copy of the Second Amended Complaint ("SAC").[8] On December 21, 2017, Todman signed for the letter and complaint.[9] A Stipulation and Order to Amend the Complaint by adding two additional defendants was entered on January 3, 2018.[10] On January 8, 2018 Plaintiffs added Todman and Liberty Mutual Fire Insurance Company as defendants in the SAC.[11]

4. Plaintiffs, as Pierce's survivors, seek to recover from the named Defendants on two claims for relief: (1) for their own mental and emotional anguish over Ms. Pierce's wrongful death;[12] and (2) for Pierce's pain and suffering prior to her death.[13]

5. On April 2, 2018, Todman filed her Motion to Dismiss.[14] Todman first asserts that the Plaintiffs' claims are subject to a statute of limitations of two (2)

---

[7] *Id.*

[8] *Id.* at ¶ 5.

[9] *Id.*

[10] *Id.*

[11] *Id.* Liberty Mutual Fire Insurance Company has not moved to dismiss.

[12] *See* Pls.' Second Amended Complaint, D.I. 85, ¶¶29-30; see also 10 *Del. C.* § 3724.

[13] *Id.* at ¶¶ 29, 31; see also 10 *Del. C.* § 3704.

[14] Def's. Mot. to Dismiss, D.I. 94.

years from the date of the accident itself—October 2, 2015.[15] Therefore, because the claims were not asserted until January 8, 2018, Plaintiffs' claims are time-barred and must be dismissed.[16] Furthermore, Todman contends that the SAC cannot relate back to a previous complaint under Rule 15(c) of the Superior Court Rules of Civil Procedure such that its filing would be deemed timely.[17] Todman argues that she neither received notice of the institution of the action within the original limitations period, nor were Plaintiff's mistaken as to her identity and/or involvement.[18] Todman concludes that because the SAC was filed after the two-year statute of limitations and cannot relate back to an earlier complaint, Plaintiffs' suit is time-barred.[19]

6. Plaintiffs oppose Todman's Motion to Dismiss, arguing that the SAC satisfies the requirements of Rule 15(c).[20] In particular Plaintiffs argue: (1) the claims arise out of the same occurrence as the original pleading; (2) Todman was on notice of the claim during the 120-day period for service under Rule 4(j); and (3) she

---

[15] *See*, 10 *Del. C.* § 8107 ("No action to recover damages for wrongful death…shall be brought after he expiration of 2 years from the accruing of the cause of action"); 10 *Del. C.* §8119 ("No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after he expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained").
[16] Def.'s Mot. to Dismiss, D.I. 94 at ¶3.
[17] *Id.* at ¶¶ 4-7.
[18] *Id.*
[19] *Id.*
[20] Pls.' Resp. to Mot. to Dismiss, D.I. 102 at ¶ 9.

4

knew or should have known that the action would have been brought against her.[21]

Therefore, Plaintiffs contend, the SAC is not time-barred because it relates back to the original complaint and this Court should deny the motion to dismiss.[22]

7.    A motion to dismiss will not be granted if the "plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[23] The Court's review is limited to the well-pled allegations in the complaint.[24] In ruling on a 12(b) motion, the Court "must draw all reasonable factual inferences in favor of the party opposing the motion."[25] Dismissal is warranted "only if it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle him to relief."[26]

8.    The dispositive issue is whether the Plaintiff's SAC meets all the requirements of Rule 15(c)(3). Rule 15(c)(3) provides:

> An amendment of a pleading relates back to the date of the original pleading when ... (3) the amendment changes the party or the naming of the party against whom a claim is asserted if [the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading]... and, within the period provided by statute or these Rules for service of the summons and complaint, the party to be brought in by amendment (A)

---

[21] *Id.*
[22] *Id.*
[23] *Browne v. Robb*, 583 A.2d 949, 950 (Del. 1990).
[24] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).
[25] *Id.*
[26] *Id.*

5

has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.[27]

Rule 15(c)(3) requires three conditions to be met in order for an amended complaint to relate back to a previous complaint: (1) the claim or defense asserted in the amended pleading arose out of the same conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading; (2) within the period provided by statute or the rules for service of the summons and complaint, the party to be brought in by the amendment received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits; and (3) within the period provided by statute or the rules for service of the summons and complaint, the party to be brought in by the amendment knew or should have known that but for a mistake concerning the identity of the party the suit would have been brought against the party.[28]

10.    There is no dispute that Plaintiffs' claims against Todman arise out of the same conduct, transaction, or occurrence set forth in the previous two complaints.[29]

---

[27] Super. Ct. Civ. R. 15(c)(3).
[28] *Id.*
[29] Def.'s Mot. to Dismiss, D.I. 94 at ¶ 5.

6

11.  The parties contest whether Todman received "such notice of the institution of the action within the period provided for by statute or the rules for service of the summons complaint."[30]  Under Rule 15(c)(3), the "such notice" requirement is not notice of the incident giving rise to the cause of action, but rather, it is notice of the pending lawsuit itself.[31]  This notice can be either formal or informal: "service of process is not mandated, and ['such notice'] may not even have to be in writing."[32]  Moreover, the party against whom the claim is filed must have received "such notice" "within the period set forth by statute or the Rules for service of the summons and complaint."[33]  Under Rule 15(c)(3) notice may be given after termination of the limitations period, provided that notice occurs within the additional 120–day period for service provided by Rule 4(j).[34]

12.  Todman signed for a letter advising her she would be added as a defendant and enclosing a copy of the amended complaint on December 21, 2017.[35]  The statute of limitations expired on October 2, 2017.[36]  However, by signing for the letter Todman received notice.  This notice was received less than 120 days after the

---

[30] Super. Ct. Civ. R. 15(c).
[31] *Concklin v. WKA Fairfax, LLC*, 2016 WL 6875960 at *3 (Del. Super. Ct. Nov. 16, 2016) (citing *Mergenthaler, Inc. v. Jefferson*, 332 A.2d 396, 397 (Del. 1975)).
[32] *Id.*
[33] Super. Ct. Civ. R. 15(c).
[34] *Walker v. Handler*, 2010 WL 4703403 at *3 (Del. Super. Ct. Nov. 17, 2010).
[35] Pls.' Resp. to Mot. to Dismiss, D.I. 120 at ¶ 5.
[36] *Id.*

7

statute of limitations expired. The second requirement of Rule 15(c)(3) is satisfied because Todman received notice within the time period, the additional 120 days for service authorized by Rule 4(j).

13. Todman does not dispute that she knew or should have known that the action would have been brought against her. However, Todman argues that Plaintiffs fail the third condition of Rule 15(c) because there was no "mistake" concerning her identity and/or involvement in the suit.[37] Rule 15 motions to amend commonly involve mistakes with regard to the names of entities and successor entities, however the scope of this rule is broader.[38] Delaware's approach as to what constitutes mistake under Rule 15(c) turns on plaintiffs' demonstration of intent to sue the proper parties.[39] For example, in both *Cordrey* and *Fraser v. G-Wilmington Associates, L.P.,*[40] this Court found that a mistake existed where the plaintiffs investigated the identities of event participants and it was clear that the plaintiffs intended to sue all who were involved in the event. By contrast, in those Delaware cases where the Court found no sufficient mistake, the plaintiffs knew the identities of the putative defendants at the time they filed suit, yet the plaintiffs did not

---

[37] Def. Mot. to Dismiss, D.I. 94 at ¶¶ 6-7.
[38] *Cordrey v. Doughty*, 2017 WL 4676593 at *5 (Del. Super. Ct. Oct. 11, 2017) (citing *Boyce v. Blenheim at Bay Pointe, LLC*, 2015 WL 1541939 (Del. Super. April 1, 2015)).
[39] *Id.* at *6.
[40] 2017 WL 365500 (Del. Super. Jan. 24, 2017).

demonstrate an intent to sue those parties until it was too late.[41]

14. Here, the police report listed six vehicles involved in the accident causing Pierce's death.[42] Plaintiffs' named all five vehicle operators listed on the police report as defendants in the FAC, except for the operator of an unidentified "disabled vehicle."[43] Plaintiffs undertook multiple depositions of fact-witnesses and defendants in order to identify the owner of the disabled vehicle.[44] Plaintiffs later learned through the deposition of Agosto that his mother, Todman, owned that vehicle.[45] Much like *Cordrey*, Plaintiffs did not know the identity of the owner of the disabled vehicle, undertook investigative efforts to ascertain the identity, and demonstrated an intent to sue all who were involved in the accident.[46] The Court finds that *Cordrey* controls the result here. A mistake exists because Plaintiffs demonstrated an intent to sue all of the proper parties.

15. Plaintiffs have satisfied the required conditions necessary under Rule 15(c): (1) the claims arose out of the same accident set forth in the original complaint; (2) Todman was on notice of the claim during the 120-day period for service under Rules 15(c) and 4(j); and (3) Todman knew or should have known that

---

[41] *Id.*
[42] Pls.' Resp. to Mot. to Dismiss, D.I. 120 at ¶ 1.
[43] *Id.*
[44] *Id.* at ¶ 4.
[45] *Id.*
[46] *Id.* at ¶ 12.

9

but for a mistake concerning the identity of the party the suit would have been brought against her. The SAC, therefore, relates back to the original timely complaint and Plaintiffs' claims against Todman are not time-barred.

**THEREFORE**, Defendant Damary Todman's Motion to Dismiss is **DENIED.**

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

10